UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 6 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

QIAN IBRAHIM ZHAO,

    Plaintiff,

v.                                      Civil Action No. 09-1986

UNKNOWN CIA AGENT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff alleges that, in 2004 in the District of Columbia, an unidentified agent of the Central Intelligence Agency ("CIA") arrested him, searched his person and property, falsely imprisoned him, and seized his passport, among other property. Further, plaintiff alleges that his passport now is in the possession of the Department of Homeland Security ("DHS"), and that the agency has refused to return it. According to plaintiff, both the unidentified CIA agent and the DHS have violated his rights under the Fourth and Fifth Amendments to the United States Constitution, and he demands compensation for the loss of his property and lost income, and for emotion al distress.

It appears that plaintiff's sole means of recovery comes under the Federal Tort Claims Act ("FCTA"), *see* 28 U.S.C. § 1346(b)(1). The FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present

claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the claimant before a suit may be filed). It does not appear that plaintiff has exhausted of his administrative remedies by having presented his claim first to the appropriate agency and, absent exhaustion, this Court lacks subject matter jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Even if plaintiff had exhausted his available administrative remedies, plaintiff cannot prevail because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 478; *see Zakiya v. United States*, 267 F. Supp. 2d 47, 56 (D.D.C. 2003. Further, the FTCA expressly excludes relief for a claim of false imprisonment. 28 U.S.C. § 2680(h).

The Court will dismiss this action for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ Ricardo M. Urbina
United States District Judge

DATE: 11/10/09